United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

PATRICK IPPOLITO,

Plaintiff,

v.

BANK OF AMERICA, NATIONAL ASSOCIATION AN FDIC INSURED CORPORATION AND DOES 1-100 INCLUSIVE,

Defendants.

Case No. 5:13-CV-02323-EJD

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

[Re: Docket Item No. 16]

Presently before the Court is a Motion for an Order of Remand filed by Plaintiff Patrick Ippolito ("Plaintiff"), pursuant to 28 U.S.C. § 1447. See Docket Item No. 16. Plaintiff moves for remand on the grounds that Defendant Bank of America's ("Defendant") Notice of Removal was untimely and made in bad faith. The Motion will be GRANTED for the reasons discussed below.

**I. BACKGROUND**

Plaintiff filed for voluntary Chapter 7 bankruptcy on July 25, 2008 (Case No. 08-53954-ASW) and was granted discharge on October 28 of that year. See Def.'s Notice of Removal, Ex. A 8, Docket Item No. 1. The discharge included $7,000 owed to Defendant. Id. In April 2011, Plaintiff requested his credit history from three credit reporting agencies. He discovered that Defendant had continued to report payments related to that $7,000 debt as overdue during the pendency of the bankruptcy petition. Id. at 9. Plaintiff reported this error to the credit reporting agencies and to Defendant. Id. In March 2012, Plaintiff requested his credit reports a second time

and found that the information had only been removed by two of the three credit reporting agencies. Id. On October 12, 2012, Plaintiff filed his Complaint against Defendant in state court alleging these reports violated the federal Fair Credit Reporting Act, the California Consumer Credit Reporting Agencies Act, and the California Unfair Business Practices Act. Id. 6-14. Defendant's answer was filed on January 16, 2013. Id. 21-27. On April 9, 2013, Plaintiff filed an ex parte motion to reopen his 2008 bankruptcy petition. See Dkt. No. 1, Ex. C. The motion was granted on April 10, 2013, for the sole purpose of providing Plaintiff 60 days to file an Application for Order Showing Cause for violation of the automatic stay and discharge injunction. See Dkt. No. 1, Ex. D. On May 21, Defendant filed its Notice of Removal. See Dkt. No. 1. Plaintiff filed his Motion to Remand on June 13, 2013 and then filed an amended motion on June 27, 2013. See Docket Items No. 9, 16. Pursuant to Civil L.R. 7-1(b), the Court took the motion under submission without oral argument.

## II. LEGAL STANDARD

A motion challenging removal on procedural grounds must be filed within 30 days of receiving notice of the removal. 28 U.S.C. § 1447(c). The removing party then has the burden to establish, by a preponderance of the evidence, removal jurisdiction and compliance with all procedural requirements pursuant to 28 U.S.C. § 1446. See Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403-04 (9th Cir. 1996). If the removal notice fails to meet those requirements, the court may remand the action. See McAnally Enterprises, Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000). The court must resolve all doubts as to removability in favor of remand. See Gaus v. Miles Inc., 980 F.2d 564, 566 (9th Cir. 1992).

## III. DISCUSSION

### A. Order for Relief

Plaintiff offers two grounds to support his contention that Defendant's Notice of Removal was improper. Initially, Plaintiff alleges that removal was untimely because it occurred more than 30 days after Defendant first became aware that the claim was removable. Secondly, Plaintiff argues that, even if removal was timely, it exceeded the scope of the Court's subject matter jurisdiction under 28 U.S.C. § 1334. Because the issue of timeliness is dispositive in this instance,

United States District Court
For the Northern District of California

the Court need not address Plaintiff's jurisdictional arguments here and assumes that the Federal Rules of Bankruptcy Procedure apply.

Federal Rule of Bankruptcy Procedure 9027 governs removal in bankruptcy proceedings. The timeline for filing a notice of removal depends on which action - the bankruptcy petition or the related civil action - is initiated first. Subsection (a)(2) of rule 9027 applies to cases in which the civil litigation commences before the bankruptcy petition, and subsection (a)(3) applies to cases in which the bankruptcy petition precedes the civil action. Fed. R. Bankr. P. 9027(a)(2)-(3). Plaintiff's bankruptcy petition had been closed for nearly four years at the time he filed the 2012 Complaint in state court alleging violations of federal and state statutes. Six months after that Complaint was filed, Plaintiff's motion to reopen his original bankruptcy petition was granted. Because the civil action commenced this present litigation, subsection (a)(2) applies and reads, in pertinent part:

> "If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, [or] (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under §362 of the Code . . ."
>
> Fed. R. Bankr. P. 9027(a)(2).

The central issue in dispute is whether reopening of a bankruptcy petition constitutes a new order for relief. In bankruptcy, an order for relief establishes the debtor's bankruptcy status and is a decision that a bankruptcy case can proceed. In re Mason, 709 F.2d 1313, 1315-16 (9th Cir. 1983). It "effectively divests the debtor of his assets, creating an estate controlled by the bankruptcy court." Id. at 1317. When a debtor files a voluntary bankruptcy petition, the commencement of the action constitutes an order for relief. 11 U.S.C. § 301. Defendant argues that Plaintiff's April 2013 reopening of the bankruptcy petition constitutes a new order for relief, making Defendant's May 2013 removal timely since it occurred within 90 days as required under rule 9027(a)(2). However, Plaintiff contends that reopening the bankruptcy petition did not change the date of the order for relief, which remains the date he filed his bankruptcy petition in July 2008. Both parties support their positions with persuasive authority that includes decisions from the Ninth Circuit.

United States District Court
For the Northern District of California

Defendant cites three decisions that interpret the reopening of a case to constitute a new order for relief. See In re Kimmel, 367 B.R. 166 (Bankr. N.D. Cal. 2007); In re Stroh, 34 Fed. App'x 562 (9th Cir. 2001); Eaton v. Taskin, Inc., No. 07-3056, 2007 WL 2700554 (C.D. Ill. July 20, 2007). While those decisions reach the outcome Defendant seeks in this case, they provide this Court with limited insight into the reasoning underlying the result. The In re Kimmel court permitted a party to reopen her bankruptcy petition after 16 years so that she could remove a civil action that had subsequently been initiated against her. In re Kimmel, 367 B.R. 166. However, the decision provides no explanation as to why the court considered removal proper.

Defendant also cites two unpublished decisions that permitted removal after reopening. In Eaton v. Taskin, removal a week after a bankruptcy petition's reopening was found to be within the 90 day deadline of rule 9027(a)(2). Eaton, 2007 WL 2700554, at *2. In In re Stroh, the Ninth Circuit held that "removal, filed within ninety days of the bankruptcy court's reopening of the bankruptcy case . . . was timely." In re Stroh, 34 Fed. App'x at 563-64. Both cases support their decisions by relying upon the proposition that "reopening a bankruptcy case puts the bankruptcy estate back into the process of administration and revives the original case." Eaton, 2007 WL 2700554, at *2 (quoting In re DeVore, 223 B.R. 193, 198 (B.A.P. 9th Cir. 2002)). The reasoning proffered by this line of cases assumes that once a case is back in the process of administration, a new order for relief commences on the date of reopening. Therefore, removal that occurs within 90 days of reopening is timely.

However, Defendant's argument fails because the cases relied upon offer no explanation why the date of the order for relief would be changed as part of the "process of administration." Without any reasoning, this Court is asked to adopt this theory. Furthermore, reliance on DeVore seems misplaced, as the Ninth Circuit's commentary can be interpreted to contradict Defendant's position. In DeVore, the court emphasized that reopening is "merely a ministerial or mechanical act which allows the court file to be retrieved from the stacks of closed cases . . . the reopening, by itself, has no independent legal significance and determines nothing with respect to the merits of the case." In re DeVore, 223 B.R. at 198 (quoting In re Germaine, 152 B.R. 619, 624 (B.A.P. 9th

Cir. 1993)). Given this reasoning, it seems reasonable that an order for relief would not be altered by such a "mechanical act."

In contrast, Plaintiff persuasively addresses this question by considering the plain language of the Bankruptcy Code itself, which the cases relied upon by Defendant do not do. The Western District of Texas' Bankruptcy Court held that "[w]hen a bankruptcy case is reopened, the original date for the 'order for relief' is not altered." In re Hofmann, 248 B.R. 79, 87 (Bankr. W.D. Tex. 2000). To find otherwise would "require the court to ignore the language and structure of [Federal Rule of Bankruptcy Procedure 9027], and to invest into the concept of 'reopening' of a case a meaning that, if accepted, would substantially alter the structure of the Bankruptcy Code." Id. In reaching its conclusion, the Hofmann court considered the role of the order for relief in bankruptcy proceedings. The order for relief serves as a critical benchmark that helps to determine how property interests, claims, preference periods, and exemption rights are treated under the Bankruptcy Code. Id. (quoting 11 U.S.C. §§ 541(a)(1), 501, 547(b)(4), and 522(b)). The Hofmann court reasoned that if Congress intended the reopening of a case to enter a new order for relief, it would be addressed in section 350 of the Bankruptcy Code, which governs the reopening of bankruptcy petitions. Id. at 88. While the Code includes detailed guidance on how orders for relief are altered if a petition is converted or dismissed, the Code is "silent" with regards to the effect of reopening on an order for relief. Id. The court concluded that "[t]he fair inference to draw is that reopening a case has no impact whatsoever on . . . the date of the order for relief, and we should not construe Rule 9027 as though it might . . . ." Id.

The Ninth Circuit's Bankruptcy Appellate Panel adopted Hofmann's approach in In re Goode-Parker, No. 07-CC-2040-PaMkB, 2007 WL 7532275 (B.A.P. 9th Cir. June 14, 2007). The Goode-Parker appellants sought to pursue an otherwise time-barred claim after a converted petition was reopened and argued that reopening established a new order for relief. The court held that appellants' argument was "fundamentally flawed" and a "revolutionary view" that "assign[s] too much significance to reopening." Id. at 3-4. The District Court for the District of Columbia also relied on Hofmann in concluding that reopening a petition does not renew the order for relief. Johnson v. Long Beach Mortg. Loan Trust 2001-4, 451 F. Supp. 2d 16, 50 (D.D.C. 2006). As a

result of these courts' decisions and reasoning, this Court determines that reopening a bankruptcy petition does not create a new order for relief. This decision is the most consistent with the language of the Bankruptcy Code.

**B. Fee Request**

Plaintiff also requests an award of fees pursuant to 28 U.S.C. § 1447(c), which states, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Requiring the payment of fees and costs is appropriate where "the removal party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 140-41 (2005). The Ninth Circuit has explained that, "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008). Instead, the objective reasonableness of a removal depends on the clarity of the applicable law and whether such law "clearly foreclosed" the arguments in support of removal. Id. at 1066-67.

Here, the Court does not find the applicable law so clear as to completely foreclose the possibility of removal. As discussed above, courts around the country have reached opposing conclusions, making the applicable law somewhat opaque. Defendant based its argument on persuasive authority, including prior decisions from Ninth Circuit courts. Although the Court does not ultimately find Defendant's argument persuasive, Defendant did have an arguable basis for opposing Plaintiff's Motion to Remand. Therefore, Plaintiff's request for fees is denied.

**IV. CONCLUSION**

Based on the foregoing, the Motion to Remand is GRANTED and Plaintiff's request for fees is DENIED. The clerk shall remand this action to Santa Clara County Superior Court and close this file.

**IT IS SO ORDERED**

Dated: December 6, 2013

EDWARD J. DAVILA
United States District Judge